# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THETA TAYLOR,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 10-03328-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On May 5, 2010, Theta Taylor ("Plaintiff" or "Claimant" or "Taylor") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability and disability insurance benefits. The Commissioner filed an Answer on December 2, 2010. On March 7, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50 year old female who was found to have the medically determinable severe combination of impairments of morbid obesity with satisfactorily controlled diabetes mellitus II, treated hypertension, treated hyperthyroidism, bilateral calcaneal spurs, degenerative and joint disc disease of the lumbar spine with low back pain, ischemic heart disease, depressive disorder, and personality disorder. (AR 50.) Plaintiff alleged disability beginning March 6, 2005. (AR 48.)

Plaintiff's claim was denied initially on August 15, 2005, and on reconsideration on February 3, 2006. (AR 48.) Plaintiff filed a written request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. on May 4, 2006, July 17, 2007, and August 29, 2007, in San Bernardino, California. (AR 48.) Claimant was represented by Attorney Tina Laine. (AR 48.) Medical experts David M. Glassmire and Samuel Landau as well as Sandra M. Fioretti, a vocational expert ("VE"), also testified. (AR 48.)

The ALJ issued an unfavorable decision on September 13, 2007. (AR 58.) The Appeals Council denied review on January 27, 2010. (AR 3, 3A, 4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises but one disputed issue as a ground for reversal:

1. Whether the ALJ's step five determination is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson

v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the

3

impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential evaluation process that Plaintiff has not engaged in substantial gainful activity since March 6, 2006, the alleged onset date. (AR 50.)

At step two, the ALJ determined that Plaintiff has the following severe combination of medically determinable impairments: morbid obesity with satisfactorily controlled diabetes

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

mellitus II, treated hypertension, treated hyperthyroidism, bilateral calcaneal spurs, degenerative and joint disc disease of the lumbar spine with low back pain, ischemic heart disease treated since March 2005, depressive disorder, and personality disorder. (AR 50.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 50.)

The ALJ found that Taylor had the residual functional capacity to perform light work except:

> stand or walk occasionally, two out of eight hours, sit frequently, six out of eight hours, with customary breaks, stoop, crouch, or climb stairs occasionally, no exposure to hazards such as ladder climbing, unprotected heights, dangerous machinery, or balancing, need to work in an air-conditioned work environment, perform little more than simple repetitive tasks in an object oriented work setting involving no hypervigilance, no interaction [with] the public, only occasional non-intensive interaction with co-workers or supervisors, and no fast paced work such [as] rapid production lines. She would miss work once a month due to her impairments.

(AR 51.) In determining Plaintiff's RFC, the ALJ made an adverse credibility finding. (AR 55.)

At step four, the ALJ found that the Claimant was unable to perform her past relevant work as a telephone operator. (AR 56.)

At step five, with the aid of VE testimony, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Claimant can perform. (AR 57.) These jobs include office helper, bench assembler and hand packager-inspector. (AR 57.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 57.)

**DISCUSSION**

Claimant contends that the ALJ's step five determination that Plaintiff can perform jobs in the national economy is erroneous and not supported by substantial evidence. Specifically, Taylor alleges that the VE's testimony that Plaintiff could perform the jobs of office helper, bench assembler and hand packager/inspector was inconsistent with the Dictionary of Occupational Titles ("DICOT"). Taylor further alleges that the ALJ erred by not obtaining from the VE a reasonable explanation for the inconsistency.

The Court disagrees. The VE did provide a reasonable explanation for the inconsistency between her testimony and DICOT. The ALJ was entitled to rely on the VE's testimony. The ALJ decision is supported by substantial evidence and free of legal error and must be affirmed.

**A.  Applicable Federal Law**

DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may accept VE testimony that varies from the DICOT but the record must contain "persuasive evidence to support the deviation." Id. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DICOT. SSR 00-4p, 2000 WL 189704 *4 (S.S.A.); Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DICOT. Id. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify a variation from DICOT. Id. at 1154 n.19.

**B.  The ALJ Properly Relied On The VE's Testimony**

In this case, the ALJ could not rely on the Medical-Vocational Guidelines ("grids") in making his step five determination because of nonexertional limitations. Moore, 216 F.3d at 869. The ALJ was required to take the testimony of a VE and did. Id.

An ALJ may rely on a VE's response to a hypothetical question containing all of a claimant's RFC limitations found credible by the ALJ and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Here, the ALJ presented the

VE with all of the Plaintiff's RFC limitations. (AR 614-15.) The VE found that Claimant could perform the jobs of office helper, bench assembler and inspector/hand packager. (AR 615-16.)

The ALJ asked the VE if her testimony was consistent with DICOT. (AR 616.) The VE answered yes. (AR 616.) The ALJ in his decision, however, determined that there was an inconsistency between the VE's testimony and DICOT but also that there was a reasonable explanation for the inconsistency:

> Although the vocational expert's testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy. As generally performed such work often requires more than occasional standing and walking, but the vocational expert based on her experience as a vocational rehabilitation specialist credibly testified that half of the identified jobs could be performed with only occasional standing and walking and that the Claimant's nonexertional limitations, physical and mental, would not otherwise limit her ability to perform such unskilled work.

(AR 57.)

Plaintiff's RFC limits her to standing and walking for no more than 2 hours of an 8 hour workday. (AR 51.) The full range of light work requires one to stand and walk frequently, i.e., for 6 hours of an 8 hour workday. SSR 83-10. Thus, the ALJ found that there was an inconsistency between the VE's testimony and DICOT. (AR 57.)

Plaintiff contends that the ALJ did not obtain a reasonable explanation for the inconsistency, or even seek one. Plaintiff is incorrect. The ALJ incorporated the occasional (sedentary) 2 hour standing limitation in his hypothetical (AR 614) and then asked the VE if there were "any unskilled jobs that could be done with those limitations in the light or sedentary range or I should say limited light or sedentary range?" (AR 615.) The VE then listed the jobs of office helper, bench assembler and inspector/hand packager, but in doing so she eroded the job base for each occupation by 50 percent, based on her past expertise.

(AR 615-16.) A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. No additional foundation is required. Id.

Because the ALJ incorporated the 2 hour standing limitation in his RFC and the VE took that into account by eroding the job base of each of the proffered occupations by 50 percent, the VE in effect did provide a basis for the departure from DICOT. There is no requirement for the ALJ to use any "magic words." See, e.g., Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). Also, the ALJ is entitled to draw inferences from the evidence and did so properly here. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996).

The ALJ's decision comports with SSR 00-4p, 2000 WL 1898704 *2-*3 (S.S.A.), which provides as follows:

> Neither the DOT [DICOT] nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than the DOT information.
>
> . . . .
>
> A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

Id. (emphasis added). That is exactly what the VE did in this case.

Nonetheless, Plaintiff challenges the VE's opinion as legally insufficient under the Federal Rules of Evidence for expert testimony, as set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). The Ninth Circuit, however, definitively rejected the applicability of the Federal Rules of Evidence to Social Security administrative proceedings in Bayliss:

> Bayliss relies on the requirements for the admissibility of expert testimony under Federal Rule of Evidence 702, established in *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469

>(1993). *See id.* (establishing a gatekeeping function to screen expert scientific testimony for relevance and reliability); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (applying the *Daubert* rule to all expert testimony, not merely to scientific testimony). The Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings. *See* 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 409. 950(c), 416.1450(c) ("The administrative law judge may receive evidence at the hearing even though the evidence would not be admissible in court under the rules of evidence used by the court."); *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) ("[S]trict rules of evidence, applicable in the courtroom, are not to operate at social security hearings so as to bar the admission of evidence otherwise pertinent. . . ."); *Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981). It is clear that the *Daubert* decision rests on an interpretation of Federal Rule of Evidence 702. *See Daubert*, 509 U.S. at 589-92, 113 S.Ct. 2786. The requirements established in Federal Rule of Evidence 702, *Daubert*, and *Kumho* do not govern the admissibility of evidence before the ALJ in the administrative proceeding in this Social Security case.

Bayliss, 427 F.3d at 1218 n.4.

The VE's experience and expertise enabled her to justify credibly that 50 percent of light exertional jobs can be performed with only occasional standing and walking. The VE's opinion is substantial evidence on which the ALJ properly relied in making his step five determination.

Plaintiff does not challenge the ALJ's RFC of limited light work or his adverse credibility finding in regard to the RFC. On that assessment, one cannot argue reasonably that Plaintiff is unable to do any work. There was no prejudice here.

The Commissioner met his burden at step five to demonstrate that jobs exist in the national economy in significant numbers that the Claimant can perform. The ALJ's non-disability decision is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 18, 2011                              */s/ John E. McDermott*
                                                   JOHN E. MCDERMOTT
                                                   UNITED STATES MAGISTRATE JUDGE